The STATE of Ohio, Appellee,

v.

SALUPO, Appellant.

[Cite as *State v. Salupo,* 177 Ohio App.3d 354, 2008-Ohio-3721.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 07CA009233.

Decided July 28, 2008.

Dennis Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellee.

David L. Doughten, for appellant.

DICKINSON, Judge.

## INTRODUCTION

{¶ 1} Scott Salupo was convicted of telecommunications harassment and domestic violence in Oberlin Municipal Court in 2003. Although the court suspended his sentence on the condition that he have no contact with his former girlfriend for three years, he repeatedly called her, asking her to meet him and threatening to reveal embarrassing details about her if she did not. Following a bench trial, the Lorain County Common Pleas Court convicted him of extortion and a second offense of telecommunications harassment. This time, Salupo was sentenced to a term of community-control sanctions. He has appealed his most recent convictions. This court affirms his conviction and sentence for telecommunications harassment, but overturns his conviction for extortion because there was insufficient evidence for the trial court to conclude that Salupo had attempted to induce his former girlfriend to do an unlawful act.

## FACTS

{¶ 2} Salupo and his former girlfriend dated from 1991 to 2000. They remained friends until 2003, when he began making unwanted telephone calls to her. She filed a complaint with the Oberlin Police Department, which resulted in his first conviction for telecommunications harassment and his conviction for domestic violence. On May 27, 2003, the Oberlin Municipal Court sentenced Salupo to 180 days in jail, but suspended his sentence on the condition that he not contact the former girlfriend for three years. Nevertheless, he continued calling her, requesting that she meet with him and threatening to reveal secrets about her if she did not.

{¶ 3} In October 2003, the girlfriend recorded some of Salupo's telephone calls and filed another complaint with the Oberlin Police Department. The grand jury subsequently indicted him for extortion, menacing by stalking, and telecommunications harassment. The trial court found him guilty of extortion and a second

offense of telecommunications harassment. It sentenced him to a term of community-control sanctions. Salupo has appealed his latest convictions, assigning two errors.

## EXTORTION

{¶ 4} Salupo's first assignment of error is that there was insufficient evidence to convict him of extortion. Whether a conviction is supported by sufficient evidence is a question of law that this court reviews de novo. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; *State v. West,* 9th Dist. No. 04CA008554, 2005-Ohio-990, 2005 WL 544820, at ¶ 33. This court must determine whether, viewing the evidence in a light most favorable to the prosecution, an average juror would have been convinced of Salupo's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 5} R.C. 2905.11(A)(5) provides that "[n]o person, with purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act, shall * * * threaten to expose any matter tending to subject any person to hatred, contempt, or ridicule, or to damage any person's personal or business repute * * *." Salupo has argued that his conviction is invalid because there was no evidence that he attempted to have his former girlfriend commit an unlawful act.

{¶ 6} The trial court determined that because Salupo had asked his former girlfriend to violate "an order restraining these two parties from making contact with each other," there was sufficient evidence that he had attempted "to induce another to do an unlawful act." Salupo has argued, however, that the only existing restraint on the parties' having contact with each other was the municipal court's direction to him as a condition of the suspension of his 180–day jail sentence. According to Salupo, the girlfriend would not have been committing an unlawful act if she met him.

{¶ 7} The state submitted a copy of Salupo's prior conviction for telecommunications harassment and domestic violence to the trial court. The order provided, "[Salupo] is to have no contact with [his former girlfriend] as a condition of jail suspended." The state did not present evidence of any order prohibiting the girlfriend from having contact with Salupo. Had the girlfriend met with Salupo, she could not have been charged with violating the condition of his suspended sentence. See *State v. Lucas,* 100 Ohio St.3d 1, 2003-Ohio-4778, 795 N.E.2d 642, at syllabus (holding that "[a]n individual who is the protected subject of a * * * protection order may not be prosecuted for aiding and abetting the restrainee under the protection order in violating said order"). Salupo,

therefore, did not try to induce the girlfriend to commit any act that would have been unlawful for her to do. As the Supreme Court noted in *Lucas*, "only one party * * * can be criminally responsible for the violation of a protective order." Id. at ¶ 35.

{¶ 8} The state has not argued that there was sufficient evidence to convict Salupo under the "valuable thing or valuable benefit" prong of the extortion statute, and the trial court did not rely on that prong in its determination that Salupo was guilty of extortion. Accordingly, because there was no evidence that Salupo tried to induce his former girlfriend to commit an unlawful act, this court concludes that there was insufficient evidence to support his conviction for extortion. His first assignment of error is sustained.

## TELECOMMUNICATIONS HARASSMENT

{¶ 9} Salupo's second assignment of error is that the trial court incorrectly determined that his telecommunications harassment conviction was a fifth-degree felony. He has argued that because the indictment failed to include the element of a prior conviction, the charge was only a misdemeanor. Although Salupo did not move to dismiss the indictment, because he has argued that it omitted an essential element of the crime, he may raise that argument for the first time on appeal. *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 39.

{¶ 10} Salupo was convicted of violating R.C. 2917.21(A)(5), which provides that "[n]o person shall knowingly make or cause to be made a telecommunication, * * * if the caller * * * [k]nowingly makes the telecommunication to the recipient of the telecommunication * * * and the recipient * * * previously has told the caller not to make a telecommunication to those premises * * *." R.C. 2917.21(C)(2) provides that a violation of that section "is a misdemeanor of the first degree on a first offense and a felony of the fifth degree on each subsequent offense."

{¶ 11} Salupo's first argument is that his conviction and sentence for telecommunications harassment violated his federal constitutional rights. He has asserted that under federal due process, any finding that raises the possible maximum sentence is an element of the offense that must be set forth in the indictment and found by the trier of fact. According to him, because the indictment did not set forth his prior conviction, he could be convicted of and sentenced for a misdemeanor only.

{¶ 12} Salupo's federal due-process argument is without merit. In *Apprendi v. New Jersey* (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Here, because the fact that increased the degree of Salupo's telecommunications harassment conviction was his prior conviction for the same offense, the "other than the fact of a prior conviction" exception applies. Salupo's conviction and sentence for telecommunications harassment, therefore, did not violate his federal due-process rights.

{¶ 13} Salupo's second argument is that his conviction and sentence for telecommunications harassment violated his state due-process rights. "When existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state." *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, at ¶ 8. Moreover, "[i]f any material element or ingredient of an offense * * * is omitted from an indictment, such omission is fatal to the validity of the indictment." *State v. Cimpritz* (1953), 158 Ohio St. 490, 49 O.O. 418, 110 N.E.2d 416, paragraph three of the syllabus.

{¶ 14} The question is whether the indictment's statement that Salupo's violation of R.C. 2917.21(A)(5) was "a [f]elony of the [f]ifth [d]egree" satisfies the requirement that the existence of a prior conviction be alleged in the indictment. In *State v. Tamburin* (2001), 145 Ohio App.3d 774, 778, 764 N.E.2d 503, this court considered whether the notation on a traffic ticket that the defendant was charged with a "4th offense DUI" provided him sufficient notice that he had been charged with a felony rather than a misdemeanor. This court looked to R.C. 2945.75(A), which provides that "[w]hen the presence of one or more additional elements makes an offense one of more serious degree: (1) [t]he * * * indictment * * * either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements." This court concluded that the ticket's notation failed "to comport with the statutory necessity of alleging either the degree of the offense, i.e., a felony of the fourth degree, or the additional element, i.e., that defendant had three prior DUI convictions within six years." Id. Accordingly, the ticket was sufficient only to charge the defendant with a misdemeanor of the first degree.

{¶ 15} Unlike in *Tamburin,* the indictment in this case stated that Salupo was charged with "a [f]elony of the [f]ifth [d]egree." It therefore was sufficient under R.C. 2945.75(A) to charge him with the more serious offense. Furthermore, under Crim.R. 7(B), an indictment must only include "words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." A violation of R.C. 2917.21 can be a felony of the fifth degree only if it is a subsequent offense. Accordingly, the indictment gave Salupo sufficient notice of all the elements of the elevated offense. This court, therefore, con-

cludes that because the indictment informed Salupo that he was charged with the more serious telecommunications harassment offense, his conviction and sentence for that offense did not violate his state due-process rights. Salupo's second assignment of error is overruled.

## CONCLUSION

{¶ 16} Salupo's conviction and sentence for telecommunications harassment did not violate his federal or state constitutional rights, but his conviction for extortion was not supported by sufficient evidence. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings.

Judgment affirmed in part
and reversed in part,
and cause remanded.

CARR, P.J., and MOORE, J., concur.