JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Michael Cooper, appeals his conviction from the Cuyahoga County Court of Common Pleas. We affirm in part, reverse in part, and vacate the sentence in part.
 {¶ 2} Cooper was charged with one count of menacing by stalking, with a furthermore clause, one count of violating a protection order, and three counts of telecommunications harassment. Cooper waived his right to a jury trial and was tried to the bench.
 {¶ 3} At trial, the victim, Michelle Ruffin, testified that she and Cooper had dated off and on for approximately one year. She testified that Cooper went by the nickname "Mike-Mike." She explained that she decided to end the relationship because of Cooper's controlling behavior.
 {¶ 4} A few months later, Cooper asked the victim if he could come back and live with her because he had no place to stay. The victim allowed Cooper to move back in. Four months later, the victim made arrangements for herself and her children to move out of the residence. When the victim and her family came to move her things, Cooper threatened her and told her that she could not move until he said she could move. The police were called, and Cooper was arrested.
 {¶ 5} The victim moved out and did not provide Cooper with her new address or telephone number. When the victim returned to work at Cox Communications, however, she *Page 3 
had dozens of threatening messages from Cooper. Cooper called the victim constantly to threaten and harass her. Eventually, her telephone number at work was changed.
 {¶ 6} Cooper then began calling the main line at Cox Communications and harassed and threatened anyone who answered the telephone. Cooper demanded to speak with the victim. The telephone calls were transferred to Denise Coletta, a supervisor at Cox Communications. Coletta testified that Cooper identified himself as "Mike" or "Mike-Mike" and demanded to speak with the victim. Coletta testified that she kept a log of all the calls and that Cooper called dozens of times a day.
 {¶ 7} Cox Communications placed the victim on unpaid leave in an effort to alleviate the situation. When Cooper called in, he was told that the victim no longer worked there.
 {¶ 8} When the victim returned to work, she was told to use a different name. The telephone calls resumed. Eventually, the victim was let go from her job because Cooper was scaring other employees by his threatening and harassing telephone calls. The victim had worked for Cox Communications for nine years.
 {¶ 9} In addition to the telephone calls at work, Cooper called and threatened the victim's father, Paul Ruffin. Mr. Ruffin testified that he recognized Cooper's voice and that Cooper threatened to kill his daughter.
 {¶ 10} The trial court found Cooper guilty of menacing by stalking, a felony of the fourth degree, and three counts of telecommunications harassment, felonies of the fifth degree. Cooper was sentenced to a total of 17 months in prison. Cooper appeals, advancing four assignments of error for our review. *Page 4 
 {¶ 11} "I. The appellant was denied due process of law when he was found guilty of telecommunications harassment, a felony, as the indictment failed to give notice of a prior conviction."
 {¶ 12} Cooper argues that he cannot be convicted of felony telecommunications harassment without a prior conviction alleged in the indictment. The state argues that the statute requires only that the state prove subsequent offenses, and since Cooper repeatedly violated the statute over a period of months, that is sufficient for the felony telecommunications harassment conviction.
 {¶ 13} Cooper was charged with three counts of telephone harassment in violation of R.C. 2917.21(A)(1), (A)(5), and (B). The statute reads, in pertinent part, as follows:
 "(A) No person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following:
 "* * *
 "(3) During the telecommunication, violates section 2903.21 [aggravated menacing] of the Revised Code.
 "* * *
 "(5) Knowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises."(B) No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."(C) (1) Whoever violates this *Page 5 section is guilty of telecommunications harassment."(2) A violation of division (A)(1), (2), (3), or (5) or (B) of this section is a misdemeanor of the first degree on a first offense and a felony of the fifth degree on each subsequent offense." (Emphasis added.)
 {¶ 14} The indictment did not allege a prior conviction for telephone harassment, nor did it indicate the degree of the offense.
 {¶ 15} In State v. Salupo, Lorain App. No. 07CA009233, 2008-Ohio-3721, the defendant argued that his felony conviction for telecommunications harassment violated his state due process rights because his prior conviction was not alleged in the indictment. The Ninth Appellate District explained that "[w]hen existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state." Id., quoting State v. Brooke,113 Ohio St.3d 199, 2007-Ohio-1533. Moreover, "[i]f any material element or ingredient of an offense * * * is omitted from an indictment, such omission is fatal to the validity of the indictment." State v.Cimpritz (1953), 158 Ohio St. 490, 110 N.E.2d 416, paragraph three of the syllabus. The court, citing R.C. 2945.75(A)(1), however, found that his indictment was not flawed because it did state that he was charged with "a felony of the fifth degree."
 {¶ 16} R.C. 2945.75(A)(1) provides as follows: "When the presence of one or more additional elements makes an offense one of more serious degree: (1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. *Page 6 
Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense."
 {¶ 17} We find no merit to the state's argument that a "first offense" need not be a "prior conviction." The state cites State v. Brantley
(1965), 1 Ohio St.2d 139, asserting that the court distinguished between the words "offense" and "conviction." Although the court did articulate the difference between the words, the court still found that the fact that the offense charged is a second or subsequent offense must be averred in the indictment in order to justify an increased punishment.
 {¶ 18} In the case sub judice, Cooper's indictment did not allege a prior conviction or indicate the degree of the offense for which he was charged. Since his indictment was flawed, he could be convicted only of the least degree of the offense of telecommunications harassment, which is a misdemeanor of the first degree.
 {¶ 19} Accordingly, Cooper's first assignment of error is sustained.
 {¶ 20} "II. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of telecommunications harassment as charged in counts three, four and five of the indictment."
 {¶ 21} Under this assignment of error, Cooper argues that the evidence was insufficient to find him guilty of felony telecommunications harassment. As indicated in the first assignment of error, Cooper is correct. However, we find no merit to Cooper's argument that the evidence was insufficient to find him guilty of misdemeanor telecommunications harassment. *Page 7 
 {¶ 22} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 23} In this case, the victim testified that dozens of harassing and threatening telephone calls were made by Cooper to the victim at work. She testified that she had to have her work number changed, and even changed her name in an effort to stop Cooper from calling. Eventually, the victim was let go from her job because other employees were afraid to come to work as a result of Cooper's repeated telephone calls. Coletta, of Cox Communications, also testified to dozens of harassing telephone calls made by Cooper that were directed at the victim. Finally, the victim's father testified that he received harassing and threatening telephone calls from Cooper intended for the victim. Each witness was able to testify that it was Cooper who made the telephone calls. We find that there was more than sufficient evidence to convict Cooper of three counts of telecommunications harassment. Accordingly, Cooper's second assignment of error is overruled.
 {¶ 24} "III. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of menacing by stalking as charged in count one of the indictment."
 {¶ 25} Cooper was found guilty of menacing by stalking in violation of R.C. 2903.211(A)(1), which states that "no person by engaging in a pattern of conduct shall *Page 8 
knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." Cooper claims that the evidence was insufficient to prove he was the person making the telephone calls. As stated previously, we disagree.
 {¶ 26} The victim and her father knew Cooper's voice and testified that it was Cooper who made all of the threatening and harassing telephone calls. In addition, Coletta testified that Cooper identified himself as "Mike-Mike," which is Cooper's nickname. We find that there was sufficient evidence to convict Cooper of menacing by stalking. Accordingly, Cooper's third assignment of error is overruled.
 {¶ 27} "IV. Appellant was denied his right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when his attorney failed to object to the court finding telecommunications harassment to be a felony."
 {¶ 28} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144. Judicial scrutiny of defense counsel's performance must be highly deferential. Strickland, 466 U.S. at 689. In Ohio, there is a presumption that a properly licensed attorney is competent.State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102. *Page 9 
 {¶ 29} Cooper argues that his attorney was ineffective because he failed to object to the finding that telecommunications harassment is, in this case, a felony of the fifth degree. We find no merit to Cooper's argument.
 {¶ 30} The record reflects that prior to trial, defense counsel brought the issue to the court's attention. Defense counsel insisted that Cooper was charged with misdemeanors because no prior conviction was alleged in the indictment. The court took it under advisement, but eventually found Cooper guilty of felony telecommunications harassment. We find that defense counsel was not ineffective. Accordingly, Cooper's fourth assignment of error is overruled.
 {¶ 31} Judgment is affirmed in part, reversed in part, and the sentence is vacated in part. The trial court is instructed to correct the journal entry to read that Cooper was convicted of three counts of telecommunications harassment misdemeanors of the first degree, and resentence Cooper for the misdemeanor convictions.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR *Page 1