[Cite as *State v. Gilbert*, 2012-Ohio-4090.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.   11CA0076-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARVILLIA J. GILBERT, JR. | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.   10-CR-0478 |

DECISION AND JOURNAL ENTRY

Dated: September 10, 2012

MOORE, Presiding Judge.

{¶1}   Appellant, Carvillia Gilbert, appeals the judgment of the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In the early morning hours of September 15, 2010, Lester Javey was driving a car headed north on Interstate 71, traveling from Columbus to Youngstown.  Carvillia Gilbert was in the front passenger seat.  Javey and Gilbert were the only two people in the car.  Around 1:30 a.m., Medina County Deputy Paul Schismenos noticed the car driven by Javey did not have a functioning rear license plate light as required by law.  Deputy Schismenos conducted a traffic stop and approached the passenger's side to obtain license, registration and insurance information.  Deputy Schismenos testified that he became suspicious when Gilbert appeared nervous.  Deputy Schismenos testified that in his experience when a passenger in a car becomes nervous, there is usually more than just a traffic violation going on.  Deputy Schismenos showed

Javey the malfunctioning license plate light and placed him in the back of his police car while he completed writing a citation.

{¶3} During this time, Deputy Kohler arrived with his canine unit. Upon circling the vehicle, the dog alerted Deputy Kohler to the odor of narcotics at the driver's side door. The officers then placed Gilbert in the back of Deputy Schismenos' cruiser with Javey while they conducted a search of the car. Deputy Schismenos' police car was equipped with a dashboard camera, which records both audio and video. An audio recording was made of Javey and Gilbert talking to each other during the search while they were sitting in the back of the police car.

{¶4} Both deputies testified to a strong odor of raw marijuana in the passenger compartment, and to finding what they believed to be marijuana residue in the cup holder. The deputies also testified to finding an open package of cigarillos, which, according to the officers, are often used to smoke marijuana. In the trunk the deputies found approximately two pounds of marijuana. The drugs were packaged in two one gallon Ziploc bags, which were wrapped in a black trash bag and hidden under a winter jacket. A partial fingerprint found on one of the Ziploc bags did not match Gilbert or Javey, and both men denied ownership of the marijuana. The car belonged to a Tonya Jennings of Youngstown. No mention was made of how the car came to be in the possession of Gilbert and Javey.

{¶5} Gilbert was charged with one count of possession of marijuana in violation of R.C. 2925.11(A)/(C)(3)(c), a felony of the fifth degree. Gilbert was convicted after a jury trial. He now appeals and presents two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN DENYING MR. GILBERT'S MOTION FOR A JUDGMENT OF AQUITTAL (sic) UNDER CRIMINAL RULE 29 AT THE

CLOSE OF THE STATE'S CASE-IN-CHIEF, WHICH WAS ALSO RENEWED AT THE DEFENSE'S CLOSE OF ITS CASE-IN-CHIEF, BECAUSE THERE WAS INSUFFICIENT EVIDENCE PRESENTED BY THE STATE OF OHIO TO CONVICT MR. GILBERT OF POSSESSION OF DRUGS.

**{¶6}** In his first assignment of error, Gilbert argues that the trial court erred when it overruled his motion for judgment of acquittal. Specifically, Gilbert argues that there is insufficient evidence to support his conviction. We disagree.

**{¶7}** Crim.R. 29(A) permits a court to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. *Akron v. Marstellar*, 155 Ohio App.3d 132, 2003-Ohio-5608, ¶ 4 (9th Dist.). "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386. When reviewing a conviction for sufficiency, evidence must be viewed in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The pertinent question is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

**{¶8}** "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *Thompkins* at 386, citing *State v. Robinson*, 162 Ohio St. 486 (1955). This Court, therefore, reviews questions of sufficiency de novo. *State v. Salupo*, 177 Ohio App.3d 354, 2008-Ohio-3721, ¶ 4 (9th Dist.).

**{¶9}** Gilbert was convicted of one count of possession of drugs in violation of R.C. 2925.11(A)/(C)(3)(c), a felony of the fifth degree. To support a conviction under this statute, the State must prove that Gilbert knowingly obtained or possessed more than 200 grams, but less than 1000 grams of marijuana. The police recovered 886 grams of marijuana from the trunk of

the car in which Gilbert was a passenger. Gilbert does not challenge the sufficiency of the evidence with respect to the type or amount of drugs. Instead, he limits his challenge to the element of whether he possessed them. We limit our review accordingly.

{¶10} "'[P]ossession' means having control over a thing or substance * * *." R.C. 2925.01(K). A person may have actual or constructive possession. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate possession." *State v. Wolery*, 46 Ohio St.2d 316, 329 (1976). Possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). However, "possession of the keys to the automobile is a strong indication of control over the automobile and all things found in * * * the automobile." *State v. Ray*, 9th Dist. No. 03CA0062-M, 2004-Ohio-3412, ¶ 23, quoting *State v. Miller*, 4th Dist. No. 98 CA 2467, 1999 WL 595361 (July 27, 1999).

{¶11} "Possession of a drug includes possessing individually, or jointly with another person. Joint possession exists when two or more persons together have the ability to control an object, exclusive of others." *State v. Figueroa*, 9th Dist. No. 22208, 2005-Ohio-1132, ¶ 8, quoting *State v. Alicea*, 8th Dist. No. 78940, 2001 WL 1243944, *16 (Oct. 18, 2001).

{¶12} Gilbert argues that there is insufficient evidence to allow a reasonable juror to conclude that he had constructive possession of the marijuana found in the trunk. Specifically, Gilbert argues that the car did not belong to him, he was not driving, and he did not have keys to the car. Further, Gilbert argues, the police found no evidence of drugs or drug paraphernalia on his person and there was no evidence that Gilbert had accessed the trunk or the drugs. In

essence, there was no evidence presented that he had exercised any dominion or control over the drugs.

{¶13} However, the State did present evidence that could support a finding of joint possession. Although the car did not belong to Gilbert or Javey, the two had exclusive control over the car and everything inside. The two were pulled over about an hour and a half into their trip from Columbus to Youngstown. Deputy Dan Kohler testified that the odor of raw marijuana inside the passenger compartment was "overwhelming." At trial, the State played a portion of the audio recordings of Javey and Gilbert talking to each other in the back of the police car while the deputies were conducting the search of the car. While the audio in places is somewhat difficult to decipher, several statements made by Gilbert support a conclusion that he knew about the drugs and was involved in their transport.

{¶14} In the tape when the drugs are discovered, Gilbert can be heard opining about how strange it was that a car pulled out at the same time as theirs. When Javey offers his thoughts, Gilbert admonishes him not to talk because he knows that cruisers have listening devices. Notwithstanding his own advice, he continues to muse about the traffic stop, that something is not quite right, but he can't put his finger on it. As the officers continue the search, (without any information having been communicated to him about the type of drugs discovered in the trunk) he concludes "they want more than weed". He continues to speculate about a car that slowed up, an apparent reference to either an undercover vehicle, or someone who might have alerted the police to their presence. At one point, he asked "who knew we was comin' down here?"

{¶15} The totality of the circumstances established that Gilbert had knowledge of marijuana in the trunk and was in joint possession of the car and its contents; Javey and Gilbert

had control, exclusive of others.  Considering all of the evidence, we conclude there is sufficient evidence to support the conclusion that Gilbert had constructive, joint possession over the marijuana.  Gilbert's first assignment of error is overruled.

## **ASSIGNMENT OF ERROR II**

MR. GILBERT'S CONVICTION OF POSSESSION OF DRUGS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶16}**  In his second assignment of error, Gilbert argues that his conviction is against the manifest weight of the evidence.  Specifically, Gilbert argues that the weight of the evidence supports the finding that he did not have dominion or control over the drugs in the trunk.  We disagree.

**{¶17}**  A conviction that is supported by sufficient evidence may still be found to be against the manifest weight of the evidence.  *Thompkins* at 387; *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12.    "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.'"  (Emphasis sic.)  *Thompkins* at 387, quoting *Black's* at 1594.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony."  *Thompkins* at 387.  An appellate court must give deference to the jury's evaluation of the evidence and credibility of witnesses.  *State v. Ali*, 9th Dist. No. 18841, 1998

WL 597654, *5 (Sept. 9, 1998). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *State v. Prade*, 139 Ohio App.3d 676, 696 (9th Dist.2000).

{¶18} Deputy Schismenos testified that Gilbert's demeanor caused him to become suspicious, in that his nervousness seemed to signal something more than that normally associated with a traffic stop. Deputy Kohler testified that the smell of the raw marijuana in the passenger compartment was "overwhelming." The police further testified that they found what they believed to be marijuana residue (or "shake") in the cup holder. Deputy Kohler testified about finding an open package of cigarillos, which, according to Deputy Kohler, are often used to smoke marijuana.

{¶19} The weight of the evidence supports the finding that Gilbert had joint possession of the marijuana in the trunk. Gilbert had been travelling for over an hour and a half in a car with a "strong" and "overwhelming" smell of marijuana. During the search of the car, Gilbert tells Javey that the police "want more than weed" and to not say anything because police cruisers are equipped with listening devices. Gilbert did not present any evidence at trial to rebut the evidence that he and Javey had control over the car and the drugs, exclusive of others. The weight of the evidence supports a finding that Gilbert had knowledge of the marijuana in the trunk and was in joint possession of the car and its contents.

{¶20} Moreover, there is evidence that could allow a reasonable juror to conclude that Gilbert was the one in charge. The police also found $595 in cash on Gilbert, and $69 on Javey. In the audio recording of Javey and Gilbert talking to each other in the police car, Gilbert told Javey not to say anything because the police will be recording their conversations. Gilbert goes on to speculate that they had been set up. Javey can be heard mumbling in agreement. At one

point, Gilbert tells Javey that he's okay, in an apparent effort to calm Javey. Notwithstanding the fact that the partial fingerprint found on the Ziploc bag of drugs did not match Gilbert or Javey, there is still evidence that Gilbert had dominion or control over the marijuana. *See State v. Forney*, 9th Dist. No. 24361, 2009-Ohio-2999, ¶ 16, quoting *State v. Graves*, 9th Dist. No. 08CA009397, 2009-Ohio-1133, ¶ 18 ("constructive possession exists 'when a person knowingly exercises dominion or control over an item, even without physically possessing it'").

{¶21} Taking the evidence in its totality and giving the jury its due deference, we cannot conclude that this is the exceptional case that requires reversal. Accordingly, Gilbert's second assignment of error is overruled.

III.

{¶22} Gilbert's assignments of error are overruled and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

MICHAEL J. ASH, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.