[Cite as *State v. Orr*, 2016-Ohio-8463.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

DAVID R. ORR

    Appellant

C.A. No.    16CA010909

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CR090066

DECISION AND JOURNAL ENTRY

Dated: December 29, 2016

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, David Orr, appeals his convictions from the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} The facts underlying this appeal involve an altercation between an inmate and several corrections officers. For reasons not relevant to this appeal, David Orr was incarcerated at the Lorain Correctional Institution. One morning, as inmates were being escorted to breakfast, Orr stood silently in his cell, refusing to get dressed. A corrections officer instructed Orr to get dressed, but he continued to stand silently in his cell. That corrections officer testified that Orr had a "you're not going to tell me what to do" look on his face. Orr testified on his own behalf and indicated that he "wasn't feeling [like] [him]self" that morning and "didn't want to leave [his] cell[,] * * * didn't want to go to chow[,] * * * [and] didn't want to eat[.]"

{¶3} After Orr failed to follow the corrections officer's instructions, she called for assistance. Two additional corrections officers and a sergeant responded. The officers told Orr that he would be taken to the mental health department for an examination, sat him in a chair, and began the process of getting him dressed. As they were putting his shirt on, Orr jumped up from the chair and became combative with the officers. The officers executed a "takedown" maneuver, which one officer described as a technique used to bring an inmate safely to the ground so that the officers can regain control. During the takedown maneuver, officers instructed Orr to stop resisting and placed him in handcuffs. As they stood Orr up, he went "dead weight" and the officers – one on each side – began escorting him to the medical department. As they traversed a doorway, Orr began resisting and kicked an officer twice in the leg. Officers again performed a takedown maneuver and got Orr under control. After Orr was medically evaluated, the officers began escorting him to segregation. Orr again started struggling with the officers and, for a third time, the officers performed a takedown maneuver. While officers executed the takedown maneuver, Orr raised his elbow and stuck an officer in the lip, causing it to bleed. Another officer obtained a set of leg irons and placed them on Orr, who was then put on a medical cart and transported to segregation without further incident.

{¶4} A grand jury indicted Orr on two counts of assault under Revised Code Section 2903.13(A) and one count of obstructing official business under Section 2921.31(A), all felonies of the fifth degree. Orr pleaded not guilty and the case proceeded to a jury trial. The jury returned a verdict of guilty on all counts and, after merging the obstructing-official-business count with the two assault counts, the trial court sentenced Orr to two consecutive seven-month terms of incarceration, which were to run consecutively to a sentence he was serving for an unrelated crime. Orr now appeals, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE VERDICTS FOR ASSAULT AND OBSTRUCTION OF OFFICIAL
BUSINESS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND
WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} In his first assignment of error, Orr argues that his convictions for assault were not supported by sufficient evidence because the evidence did not establish that he acted knowingly when he struck the corrections officers. He argues that his convictions were against the manifest weight of the evidence for the same reason. With respect to his conviction for obstructing official business, Orr argues that the evidence did not establish that he engaged in some affirmative or overt act to impede or hamper the duties of the corrections officers. Rather, he asserts that he merely refused to cooperate with their demands. He, therefore, argues that his conviction for obstructing official business was not supported by sufficient evidence and was also against the manifest weight of the evidence.

{¶6} As this Court has explained, "sufficiency and manifest weight of the evidence are legally distinct issues. * * * Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest-weight challenge questions whether the prosecution has met its burden of persuasion." (Internal citations omitted.) *State v. Lee*, 158 Ohio App.3d 129, 2004-Ohio-3946, ¶ 17 (9th Dist.). We will begin our review with an analysis of whether the State presented sufficient evidence to support the convictions for assault and obstructing official business.

{¶7} "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997),

quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386. When reviewing a conviction for sufficiency, evidence must be viewed in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The pertinent question is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *Thompkins* at 386, citing *State v. Robinson*, 162 Ohio St. 486 (1955). This Court, therefore, reviews questions of sufficiency de novo. *State v. Salupo*, 177 Ohio App.3d 354, 2008-Ohio-3721, ¶ 4 (9th Dist.).

{¶8} Regarding assault, Section 2903.13(A) prohibits persons from "knowingly caus[ing] or attempt[ing] to cause physical harm to another * * *." "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶9} The State presented evidence that, if believed, indicated that Orr kicked a corrections officer twice in the leg, and elbowed another officer in the mouth, causing his lip to bleed. Specifically, one officer testified that Orr started "kicking and thrashing" and "forcefully drew his foot forward in [his] thigh[,]" which caused the officer to experience soreness in that area. When Orr's defense counsel asked him on direct examination whether he intended to kick the officer, Orr responded: "[n]ot that I'm aware of[,]" and later claimed that his leg "[j]ust went in the air[.]" Another officer testified that Orr "raised his elbow and struck [him] in the lip." Orr denied knowing that he struck the officer in the lip, but admitted that he "got into * * * a little altercation * * * with the officers." Orr admitted being frustrated and angry and, when asked

whether he "just didn't want to do what [the corrections officers] were asking [him] to do[,]" he responded, "[c]orrect."

{¶10} To the extent that Orr argues that he did not knowingly cause these injuries, this Court has stated that a defendant acts knowingly for purposes of assault when the defendant initiates a course of conduct that increases the likelihood of violence and injury. *State v. Bailey*, 9th Dist. Lorain No. 05CA008848, 2006-Ohio-5286, ¶ 19. Further, we note that "[a] defendant's state of mind may be inferred from the totality of the surrounding circumstances." *State v. Harper*, 9th Dist. Summit No. 19632, 2000 WL 327231, *2 (Mar. 29, 2000). Viewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of assault proven beyond a reasonable doubt. *Jenks*, 61 Ohio St.3d 259 (1991), at paragraph two of the syllabus.

{¶11} We now turn our attention to Orr's argument that the State failed to present sufficient evidence to support his conviction for obstructing official business. Section 2921.31(A) provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." Orr argues that the State failed to demonstrate that he engaged in some affirmative or overt act to impede or hamper the corrections officers' duties. Rather, he argues that he merely refused to cooperate with their demands.

{¶12} The testimony adduced at trial, if believed, indicated that Orr did more than merely refuse to cooperate with the corrections officers. Indeed, it indicated that Orr was combative on at least three occasions, which prompted the officers to execute takedown

maneuvers in order to regain control over his person. Orr's actions, including his refusal to get dressed and subsequent behavior while being escorted through the facility, resulted in a delay in escorting the other inmates to breakfast and necessitated the assistance of several additional corrections officers. Officers testified that they were taken away from their regular duties, which included supervising other inmates. As a result, some inmates went unsupervised for a period of time, while about 100 others were only being supervised by one officer.

{¶13} Viewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of obstructing official business proven beyond a reasonable doubt. Having determined that all of Orr's convictions were supported by sufficient evidence, we now turn to his argument that his convictions were against the manifest weight of the evidence.

{¶14} If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶15} Orr argues that his convictions for assault are against the manifest weight of the evidence for the same reason that they were not supported by sufficient evidence, that is, because

he did not act knowingly when he struck the corrections officers. Similarly, he argues that his conviction for obstructing official business is against the manifest weight of the evidence because he did not engage in some affirmative or overt act to impede or hamper the duties of the corrections officers.

{¶16} Having reviewed the record, we cannot say that this is an exceptional case where the evidence weighs heavily against conviction. *Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). The jury heard testimony from several corrections officers regarding the events that took place and the effect they had on the performance of their job duties that morning. The jury also heard Orr's own version of the events, including his testimony that he did not knowingly strike the officers or intend to obstruct official business. As this Court has stated, "[w]e will not overturn the verdict on a manifest weight challenge simply because the jury chose to believe the evidence offered by the prosecution." *State v. Morgan*, 9th Dist. Summit No. 22848, 2006-Ohio-3921, ¶ 35.

{¶17} In light of the foregoing, Orr's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT DENIED [MR.] ORR DUE PROCESS, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, BY RETALIATING AGAINST [MR.] ORR FOR EXERCISING HIS RIGHTS TO NOT PLEAD GUILTY AND HAVE HIS CASE TRIED BEFORE A JURY.

{¶18} In his second assignment of error, Orr argues that the trial court violated his due process rights by punishing him for declining the plea offer and exercising his right to a jury trial. We disagree.

{¶19} "A criminal defendant is guaranteed the right to a trial by jury and cannot be punished for exercising that right by refusing a plea offer." *State v. Tucker*, 9th Dist. Lorain No.

13CA010339, 2016-Ohio-1353, ¶ 29, citing *State v. O'Dell,* 45 Ohio St.3d 140 (1989), paragraph two of the syllabus. "Any increase in sentencing that is attributable to the defendant's decision to take the case to trial is improper." *Tucker* at ¶ 29, citing *State v. Morris*, 159 Ohio App.3d 775, 2005-Ohio-962, ¶ 12 (4th Dist.). "Consequently, a trial court must avoid the appearance that a sentence has been enhanced because the defendant chose to take the case to trial." *Tucker* at ¶ 29, citing *State v. Chapman*, 190 Ohio App.3d 528, 2010-Ohio-5924, ¶ 30 (9th Dist.), quoting *Morris* at ¶ 13. "If a court makes statements from which it can be inferred that the sentence was increased due to a defendant's decision to proceed to trial, then that sentence must be vacated unless the record contains unequivocal evidence that the decision to proceed to trial was not considered when sentencing the defendant." *State v. Turner*, 9th Dist. Summit No. 27210, 2014-Ohio-4460, ¶ 22.

{¶20} Orr primarily relies upon this Court's prior decision in *State v. Tucker* in support of his position that the trial court imposed a trial tax.[1] 9th Dist. Lorain No. 14CA010704, 2016-Ohio-1354. In *Tucker*, the trial court offered its own plea deal to the defendant and informed him that the potential length of his sentence depended, in part, on the strength of his defense. *Id.* at ¶ 28. In doing so, the trial court informed the defendant that he was facing more than 50 years in prison, but that he could receive a nine-year prison term if he accepted the court's plea offer. *Id.* At sentencing, the trial court stated that "generally speaking, if you have a strong defense, this Court will never punish you for compelling the Court to proceed with a jury trial." *Id.* at ¶ 29. It further stated that the defendant "had an opportunity to significantly reduce the

---

[1] This case is not to be confused with this Court's decision in *State v. Tucker*, 9th Dist. Lorain No. 13CA010339, 2016-Ohio-1353, which was issued on the same day, involved the same defendant, and addressed a similar trial-tax issue. We note that Orr cited Case No. 14CA010704 in his merit brief. In responding to Orr's argument, the State mistakenly referred to Case No. 13CA010339.

consequences of his actions[,]" but chose not to do so. *Id.* The trial court then sentenced the defendant to an aggregate prison term of 25 years. *Id.* at ¶ 5.

{¶21} On appeal, this Court held that the trial court's comments created an inference that the defendant received a harsher sentence, at least in part, because he chose to take his case to trial. *Id.* at ¶ 30. We further determined that the record did not contain unequivocal evidence demonstrating that the defendant's decision to proceed to trial was not considered during sentencing. *Id.* Accordingly, we vacated the defendant's sentence and remanded the matter for a new sentencing. *Id.*

{¶22} Orr argues that this case is similar to *Tucker* because it involves a trial court that offered its own plea deal, a defendant that rejected it, and a sentence that was more than what was offered in the plea deal. The crux of Orr's argument is that, because the State presented no new or impactful information at trial, the trial court must have retaliated against him based upon his decision to maintain his innocence and proceed to trial. We find his argument unpersuasive.

{¶23} As an initial matter, we note that a review of the record reveals that the State, not the trial court, offered Orr a plea deal. In this regard, the State offered Orr a six-month prison sentence to run consecutively to the sentence he was currently serving. The trial court indicated that it was willing to impose that sentence if Orr accepted it. Unlike the facts in *Tucker*, Orr has not pointed us to any statements by the trial court that created an inference that it increased his sentence based upon his decision to proceed to trial. Despite Orr's argument, we cannot say that, without more, the fact that the trial court imposed a longer sentence after trial than what was offered during plea negotiations indicates that the trial court punished Orr for refusing the State's plea offer. Accordingly, Orr's second assignment of error is overruled.

III.

{¶24} David Orr's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

PATRICK HAKOS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.