[Cite as *State v. Korbel*, 2018-Ohio-1926.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 17-CA-66 |
| | : | |
| KEVIN J. KORBEL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County Court of
                                  Common Pleas, Case No. 17-CR-434


JUDGMENT:                         AFFIRMED


DATE OF JUDGMENT ENTRY:           May 14, 2018


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

HAWKEN FLANAGAN                            ANDREW SANDERSON
Licking Co. Prosecutor's Office            Burkett & Sanderson
20 South Second St., 4th Floor             738 East Main St.
Newark, OH 43055                           Lancaster, OH 43130

*Delaney, J.*

{¶1} Appellant Kevin J. Korbel appeals from the judgment entry of his conviction upon one count of telecommunications harassment in the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following is adduced from appellee's bill of particulars filed June 7, 2017.

*First Conviction, Same Victim*

{¶3} On May 1, 2017, appellant was convicted of telecommunications harassment following a bench trial in Licking County Municipal Court, Case No. 17-CRB-145. The victim of the offense in that case is Jane Doe. Appellant was sentenced to 180 days in the Licking County Justice Center with 170 days suspended. Appellant was remanded to the custody of the Licking County Sheriff's Office to serve his jail time.

*Appellant Calls the Same Victim, Again, from Jail*

{¶4} On May 4, 2017, while incarcerated at the Licking County Jail, appellant called his brother-in-law, Cory Jewell, and asked Jewell to initiate a conference call bringing Doe into the conversation. Doe did not answer the call, but appellant and Jewell could be heard talking on Doe's voice mail. A recording of the subject call was retrieved from the Licking County Jail, confirming that appellant asked Jewell to initiate a conference call to Doe.

{¶5} Appellant was charged by indictment with one count of telecommunications harassment, a felony of the fifth degree, pursuant to R.C. 2917.21(A)(5)(C)(2). On July 3, 2017, appellant filed a written Motion for Change of Pleas and Continuance, moving

the trial court to withdrawn his previously-entered plea of not guilty, to enter a plea of guilty, and for the trial court to order a pre-sentence investigation (P.S.I.) prior to sentencing.

{¶6} On August 14, 2017, appellant appeared before the trial court, entered his guilty plea, and the trial court found him guilty as charged. The trial court sentenced appellant to a 3-year term of community control. The community-control sentence included a term of 90 days in the Licking County Jail.

{¶7} Appellant now appeals from the judgment entries of his conviction and sentence dated August 14, 2017.

{¶8} Appellant raises two assignments of error:

**ASSIGNMENT OF ERROR**

{¶9} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN CONVICTING THE DEFENDANT-APPELLANT OF A FELONY OFFENSE BASED ON THE INDICTMENT FILED BELOW."

{¶10} "II. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."

**ANALYSIS**

I.

{¶11} In his first assignment of error, appellant argues the indictment is fatally defective because it does not state the fact of his prior conviction elevating the instant offense to a felony of the fifth degree. We disagree.

{¶12} We first note appellant did not object to the indictment before the trial court. Failure to timely object to an alleged defect in an indictment constitutes a waiver of the

error. *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 46; Crim.R. 12(C)(2) (objections to defect in indictment must be raised before trial). Any claim of error in the indictment in such a case is limited to a plain-error review on appeal. *State v. Frazier*, 73 Ohio St.3d 323, 652 N.E.2d 1000 (1995); Crim.R. 52(B).  Appellant in the instant case acknowledged at arraignment that he understood the charge and waived reading of the indictment.  *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 26.

{¶13} Appellant was charged by indictment with one count of telecommunications harassment pursuant to R.C. 2917.21(A)(5) and (C)(2), which state:

No person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following:

* * * *.

Knowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises;

* * * *.

Whoever violates this section is guilty of telecommunications harassment.

A violation of division (A) * * * (5) * * * of this section is a

misdemeanor of the first degree on a first offense and a felony of the

fifth degree on each subsequent offense.

* * * *.

{¶14} In the instant case, the indictment tracks the language of the statute, stating appellant is charged with telecommunications harassment "in violation of Section 2917.21(A)(5)(C)(2) of the Ohio Revised Code, a felony of the fifth degree * * *." The indictment does not explicitly aver appellant has a prior conviction of telecommunications harassment, but does state the offense is a felony of the fifth degree. Appellee relies upon the citing of the statute as a felony of the fifth degree to adequately advise appellant the charge is elevated due to his prior conviction.

{¶15} Additionally, as we noted supra, appellee's bill of particulars filed June 7, 2017, states the instant charge is premised upon appellant's initiation of a telephone call to the victim from the county jail, where appellant was incarcerated for an earlier conviction of telecommunications harassment against the same victim.

{¶16} Appellant argues that the indictment is fatally defective because it does not state the prior conviction. R.C. 2945.75(A)(1) states, "When the presence of one or more additional elements makes an offense one of more serious degree, [t]he * * * indictment * * * either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element * * *. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense." Appellant argues the indictment in this case therefore effectively charged him with telecommunications harassment as a misdemeanor of the first degree.

{¶17} The purposes of an indictment are to give an accused adequate notice of the charge and to enable an accused to protect himself from any future prosecutions for the same incident. *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 7, citing *Weaver v. Sacks*, 173 Ohio St. 415, 417, 20 O.O.2d 43, 183 N.E.2d 373 (1962); *State v. Sellards*, 17 Ohio St.3d 169, 170, 17 OBR 410, 478 N.E.2d 781 (1985). The Ohio Supreme Court has held:

> The sufficiency of an indictment is subject to the requirements of Crim.R. 7 and the constitutional protections of the Ohio and federal Constitutions. Under Crim.R. 7(B), an indictment "may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.
>
> An indictment meets constitutional requirements if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.
>
> *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, 853 N.E.2d 1162, ¶ 8-9, citing *State v. Childs*, 88 Ohio St.3d 558, 564–

565, 728 N.E.2d 379 (2000), quoting *Hamling v. United States*, 418

U.S. 87, 117–118, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

{¶18} The lack of certain particulars in an indictment is not fatal. An indictment is not defective for the state's failure to identify the elements of the underlying offense of the charged crime. *Bruehner*, supra at ¶ 9, citing *State v. Murphy*, 65 Ohio St.3d 554, 583, 605 N.E.2d 884 (1992). If an indictment sufficiently tracks the wording of the statute of the charged offense, the omission of an underlying offense in the indictment can be remedied by identifying the underlying offense in the bill of particulars. *Id.*, citing *Skatzes, supra*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, at ¶ 30.

{¶19} The bill of particulars is relevant because the bill should further describe the elements of the offense and supplement the indictment.  An omission in an indictment may be remedied if the bill of particulars identifies the underlying felony, as is permitted where the indictment sufficiently tracked the wording of the offense. *State v. Murphy*, 65 Ohio St.3d 554, 583, 605 N.E.2d 884, 907 (1992).  There is no plain error in an indictment when appellant received a bill of particulars which supplied much of the information he now claims he lacked.  *Id.*  As we noted supra, appellant received a bill of particulars containing the fact of his prior conviction.

{¶20} As appellant acknowledges, the same argument regarding the sufficiency of the indictment was made in *State v. Salupo*, 177 Ohio App.3d 354, 2008-Ohio-3721, 894 N.E.2d 746, ¶ 13 (9th Dist.).  That case also involved a fifth-degree felony count of telecommunications harassment; the indictment also stated the violation of R.C. 2917.21(A)(5) was "a [f]elony of the [f]ifth [d]egree" but did not explicitly state the existence of a prior conviction.  The Ninth District held:

* * * [T]he indictment in this case stated that Salupo was charged with "a [f]elony of the [f]ifth [d]egree." It therefore was sufficient under R.C. 2945.75(A) to charge him with the more serious offense. Furthermore, under Crim.R. 7(B), an indictment must only include "words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." A violation of R.C. 2917.21 can be a felony of the fifth degree only if it is a subsequent offense. Accordingly, the indictment gave Salupo sufficient notice of all the elements of the elevated offense. This court, therefore, concludes that because the indictment informed Salupo that he was charged with the more serious telecommunications harassment offense, his conviction and sentence for that offense did not violate his state due-process rights. * * * *.

*State v. Salupo*, 9th Dist. No. 07CA009233, 177 Ohio App.3d 354, 2008-Ohio-3721, 894 N.E.2d 746, ¶ 15.

{¶21} We find the language of the indictment in the instant case adequately notified appellant of the existence of his prior conviction, elevating the offense to a felony of the fifth degree. When Crim.R. 7(B) is read in conjunction with R.C. 2945.75(A)(1), it appears the legislature intended for the "degree of the offense" to adequately give notice to a defendant of the enhancement element contained within the statute. *State v. Fields*, 4th Dist. No. 06CA3080, 2007-Ohio-4191, 2007 WL 2332066, ¶ 18. Consequently, in stating the degree of the offense, appellant was given notice of all elements of the offense. *State v. Downs*, 7th Dist. No. 15 MA 0170, 2017-Ohio-1014, 86 N.E.3d 787, ¶ 43.

{¶22} We find no reason to disagree with the rationale of *Salupo*, especially when the bill of particulars in the instant case stated the fact of the prior conviction. Moreover, the uncontested circumstances of the instant case undermine appellant's argument that he was insufficiently notified of his own prior conviction: appellant initiated the phone call in this case while incarcerated for his first conviction for the same offense, against the same victim.

{¶23} The indictment was not fatally defective, no plain error occurred, and appellant was effectively charged with telecommunications harassment as a felony of the fifth degree. His first assignment of error is overruled.

II.

{¶24} In his second assignment of error, appellant argues he received ineffective assistance of defense trial counsel due to the failure to object to the language of the indictment. We disagree.

{¶25} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same

way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶26} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶27} In light of our decision supra that the indictment effectively charged appellant with a felony of the fifth degree, appellant has not established that trial counsel acted incompetently in failing to challenge the indictment at the trial level.  We find appellant has demonstrated neither error nor prejudice arising from the representation of defense trial counsel.

{¶28} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶29} Appellant's two assignments of error are overruled and the judgment of the

Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P. J. and

Baldwin, J., concur.