[Cite as *State v. Deem*, 2013-Ohio-5227.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26761 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW M. DEEM | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 05 1455 (A) |

DECISION AND JOURNAL ENTRY

Dated: November 27, 2013

CARR, Judge.

{¶1} Appellant Matthew Deem appeals his conviction in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Deem was indicted on one count of aggravated possession of drugs, a felony of the third degree. He pleaded not guilty to the charge at arraignment. At the conclusion of trial, the jury found Deem guilty of aggravated possession of drugs. The trial court sentenced Deem to eighteen months incarceration. Deem filed a timely appeal and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

APPELLANT'S RIGHT TO A FAIR TRIAL GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WAS VIOLATED BY THE TRIAL COURT'S DENIAL OF THE RULE 29 MOTION FOR ACQUITTAL.

**{¶3}** Deem argues that the trial court erred by denying his motion for acquittal pursuant to Crim.R. 29 because the State presented insufficient evidence to sustain a conviction for aggravated possession of drugs. This Court disagrees.

**{¶4}** Crim.R. 29(A) provides:

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

**{¶5}** "Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 113, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Diar*, 120 Ohio St.3d at ¶ 113, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).

**{¶6}** Deem was convicted of aggravated possession of drugs under R.C. 2925.11(A), which states that "[n]o person shall knowingly obtain, possess, or use a controlled substance analog." R.C. 3719.01(C) states that "[c]ontrolled substance means a drug, compound, mixture, preparation or substance included in schedule I, II, III, IV or V." The controlled substance in this case was methamphetamine. Methamphetamine is classified as a Schedule II controlled substance and a stimulant under R.C. 3719.41, Schedule II (C)(2). R.C. 2925.11(C)(1)(b) states that "[i]f the amount of the drug equals or exceeds the bulk amount but is less than five times the bulk amount, aggravated possession of drugs is a felony of the third degree, and there is a

presumption for a prison term for the offense." R.C. 2925.01(D)(1)(g) defines a "bulk amount" as "an amount equal to or exceeding three grams of a compound, mixture, preparation, or substance that is or contains any amount of a schedule II stimulant." The amount of methamphetamine at issue was 5.03 grams.

{¶7} R.C. 2901.22(B) states:

A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

{¶8} "Possess" means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶9} Receipt and retention of property implicate possession which may be either actual or constructive. *State v. Moorer*, 9th Dist. Summit No. 12980, 1987 WL 12884 (June 10, 1987). "Constructive possession exists when an individual knowingly exercises dominion and control over the object, even though the object may not be within his immediate physical possession." *Id.* (concluding that, even though the evidence did not establish which of the two defendants presented the credit card for payment of gasoline, there was sufficient evidence to show that Moorer constructively possessed the credit card as it was used to buy gasoline for his car), citing *State v. Hankerson*, 70 Ohio St.2d 87 (1982).

{¶10} "Possession of a drug includes possessing individually or jointly with another person. Joint possession exists when two or more persons together have the ability to control an object, exclusive of others." *State v. Figueroa*, 9th Dist. Summit No. 22208, 2005-Ohio-1132, ¶ 8, quoting *State v. Alicea*, 8th Dist. Cuyahoga No. 78940, 2001 WL 1243944 (Oct. 18, 2001).

{¶11} Deem argues that there was insufficient evidence to allow a reasonable trier of fact to conclude that he knowingly possessed the methamphetamine found on the passenger side floorboard of the vehicle he was driving. However, the State did present evidence that could support a finding of constructive, joint possession.

{¶12} At trial, Joseph Sidoti, a police officer with the Akron Police Department, testified that on May 21, 2012, at approximately 2:30 a.m., he saw a minivan going westbound on Wilbeth Road in the city of Akron, Summit County, Ohio. Officer Sidoti noticed that a female passenger was hanging out the passenger side window of the vehicle, holding onto the car with both hands with the majority of her upper body outside the vehicle. He testified that he saw the vehicle roll through a stop sign, which caused him to initiate a traffic stop.

{¶13} Officer Sidoti testified that, after the minivan stopped, the front seat passenger, Nancy Porter, jumped out of the vehicle and started to run down the sidewalk. He testified that he did not see the passenger drop any objects or make any furtive movements while in or during her escape from the vehicle. Officer Sidoti testified that he yelled at the fleeing female to stop and sit down, which she did. He testified that, after Ms. Porter sat down, he approached the driver's side of the vehicle.

{¶14} After approaching the vehicle, the driver, Deem, explained to Officer Sidoti that he was driving under suspension. Officer Sidoti testified that upon hearing this, he placed Deem under arrest and began an inventory search of the vehicle. Officer Sidoti testified that during the inventory search of the vehicle, he discovered a number of objects on the passenger side floorboard including: a small bag containing numerous smaller baggies, a black digital scale, and a Ziploc bag with a coffee filter in it. He testified that, based on his experience in dealing with methamphetamine, he suspected that the contents of the Ziploc bag contained wet

methamphetamine, consistent with one of the final stages of the manufacture of methamphetamine.

{¶15} While at the scene, Officer Sidoti had the opportunity to speak to Deem's passenger. Officer Sidoti testified that when he spoke to Ms. Porter about the drugs found on the passenger side floorboard, she stated that Deem must have thrown the drugs and paraphernalia there. Officer Sidoti testified that this account of how the drugs ended up on the floor appeared consistent with what he observed. He testified that during his pursuit of the vehicle he did not see Ms. Porter place or throw any objects on the floorboard of the vehicle.

{¶16} Although Ms. Porter would later testify that the methamphetamine was hers, Officer Sidoti specifically testified that at the scene Ms. Porter said that the drugs were Deem's. While Ms. Porter's testimony was not consistent with her statement to Officer Sidoti, the contradiction is not relevant to a sufficiency analysis in which "we do not evaluate credibility, and we make all reasonable inferences in favor of the State." *State v. Brown*, 9th Dist. Summit No. 26409, 2013-Ohio-2665, ¶ 5, quoting *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).

{¶17} Reviewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of the charge of aggravated possession of drugs were proved beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d at paragraph two of the syllabus. The State presented evidence that there was a Ziploc bag containing wet methamphetamine on the passenger side floorboard of the vehicle driven by Deem. Officer Sidoti testified that wet methamphetamine is consistent with one of the final stages of the manufacture of methamphetamine. The methamphetamine was found on the floor of a minivan with two occupants, Porter and Deem. While neither party had the controlled substance in their immediate physical possession, both Porter and Deem had control of the

contents of the vehicle exclusive of others. The controlled substance was on the passenger side floorboard, within the control of both the driver and passenger. The facts of the instant case are similar to those in *State v. Gilbert*, 9th Dist. Medina No. 11CA0076-M, 2012-Ohio-4090, where we looked to the totality of the circumstances to determine that two parties had control of a controlled substance located in a vehicle, exclusive of others, and that the evidence supported the conclusion that Gilbert had constructive, joint possession of the controlled substance. The same reasoning applies in this case where the drugs were found in a contained area which was accessible to both Deem and Porter, but not to others. Accordingly, the State presented sufficient evidence of the crime of aggravated possession of drugs. Deem's assignment of error is overruled.

## III.

{¶18} Deem's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.