[Cite as *State v. Wickwire*, 2016-Ohio-5217.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27675 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES P. WICKWIRE | | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 14 CRB 969 |

DECISION AND JOURNAL ENTRY

Dated: August 3, 2016

WHITMORE, Judge.

{¶1} Appellant, James P. Wickwire, appeals from the judgment of the Barberton Municipal Court. This Court affirms.

I

{¶2} David Mazey owns an "up and down" duplex located at 318 Wunderlich Avenue in Barberton, Ohio. On May 4, 2014, Mr. Mazey learned that someone had stolen the refrigerator and stove out of the upstairs unit. Upon reliable information, the police located Mr. Mazey's property at Mr. Wickwire's residence. For several years, Mr. Wickwire had been a tenant of Mr. Mazey's at 318 Wunderlich Avenue. However, Mr. Wickwire voluntarily moved out of the downstairs unit after allegedly renting the upstairs unit, without Mr. Mazey's knowledge or consent, to Scott Archer. After Mr. Wickwire and Mr. Archer moved out of Mr. Mazey's duplex, Mr. Archer reported the stolen appliances to the police.

{¶3} Mr. Wickwire was charged with theft, pursuant to R.C. 2913.02, a misdemeanor in the first degree.

{¶4} A bench trial commenced wherein Mr. Mazey and Officer Jonathan Gibbs testified on behalf of the State, and Mr. Jeffrey Doan testified on behalf of Mr. Wickwire. The trial court found Mr. Wickwire guilty of theft and sentenced him as follows: (1) 180 days imprisonment with 90 days suspended so long as he does not commit any misdemeanor or felony in the next two years; (2) in lieu of imprisonment, 90 days of house arrest in Akron, Ohio; (3) restitution to Mr. Mazey in the amount of $850; and (4) fines and court costs.

{¶5} Mr. Wickwire now appeals, raising two assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN DENYING MR. WICKWIRE'S CRIMINAL
RULE 29 MOTION FOR ACQUITTAL.

{¶6} In his first assignment of error, Mr. Wickwire argues that the State failed to present any reliable or credible evidence that: (1) Mr. Mazey owned the stove and refrigerator and (2) Mr. Wickwire deprived Mr. Mazey of his property.

{¶7} In response, the State argues that the evidence shows: (1) the stove and refrigerator went missing from Mr. Mazey's upstairs unit at 318 Wunderlich Avenue; (2) Mr. Mazey owned the property; (3) Mr. Wickwire admitted to taking the property; and (4) Mr. Mazey did not give Mr. Wickwire consent to take the property.

{¶8} "A motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure may be granted only when the evidence is insufficient to sustain a conviction." *State v. Levine*, 9th Dist. Summit No. 17978, 1997 WL 193337, *3 (Apr. 16, 1997), citing *State v. Fields*, 102 Ohio App.3d 284, 288 (12th Dist.1995). "'[S]ufficiency' is a term of art meaning

that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386. When reviewing a conviction for sufficiency, evidence must be viewed in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The pertinent question is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. "Whether the evidence is legally sufficient to sustain a verdict is a question of law." *Thompkins* at 386, citing *State v. Robinson*, 162 Ohio St. 486 (1955). This Court, therefore, reviews questions of sufficiency de novo. *State v. Salupo*, 177 Ohio App.3d 354, 2008-Ohio-3721, ¶ 4 (9th Dist.).

{¶9} Mr. Wickwire was found guilty of violating R.C. 2913.02(A)(2). R.C. 2913.02(A) states, in relevant part, that:

> No person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * in any of the following ways:
> * * *
> (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent[.]
> * * *

Further, if the value of the property is less than $1000 "a violation of this section is petty theft, a misdemeanor of the first degree." R.C. 2913.02(B)(2). "A person acts purposely when it is [his] specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is [his] specific intention to engage in conduct of that nature." R.C. 2901.22(A). "A person acts knowingly, regardless of his purpose, when [he] is aware that [his] conduct will

probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when [he] is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶10} "'[F]or a violation of R.C. 2913.02(A)(2), the State must prove that at the time the defendant exceeded the scope of consent of the owner of the [property], he had the intent to deprive the owner of the [property].'" *State v. Chait*, 9th Dist. Medina No. 12CA0011-M, 2012-Ohio-6104, ¶ 7, quoting *State v. Coleman*, 2d Dist. Champaign No. 2002 CA 17, 2003-Ohio-5724, ¶ 29.

{¶11} Here, the record indicates that: (1) Officer Gibbs was dispatched to Mr. Archer's residence to take a report regarding the theft of a stove and refrigerator; (2) Officer Gibbs located the stove and refrigerator at Mr. Wickwire's residence and photographed the property as part of his investigation; (3) Officer Gibbs testified that Mr. Wickwire admitted to moving the stove and refrigerator to his residence at 358 Wunderlich; (4) Officer Gibbs advised Mr. Wickwire to return the stove and refrigerator to Mr. Mazey's duplex; (5) Mr. Mazey testified that the stove and refrigerator were, in fact, missing from the upstairs unit at 318 Wunderlich Avenue; (6) Mr. Mazey identified the stove and refrigerator in Officer Gibbs' photographs as being his property; (7) Mr. Mazey testified that he did not give Mr. Wickwire consent to take his property, nor did Mr. Wickwire return his property to the duplex; and (8) Mr. Mazey testified that the replacement cost for the stove and refrigerator is $850.

{¶12} Viewing the evidence in a light most favorable to the State, there is sufficient evidence to support a finding that: (1) the stove and refrigerator in question belonged to Mr. Mazey; (2) Mr. Wickwire took possession of the property without Mr. Mazey's consent; (3) Mr. Wickwire intended to deprive Mr. Mazey of his property; and (4) the replacement cost of the property was $850. Based upon these facts, a rational tier of fact could have found the essential

elements of petty theft proven beyond a reasonable doubt. *See Jenks,* 61 Ohio St.3d at paragraph two of the syllabus.

**{¶13}** Mr. Wickwire's first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT'S JUDGMENT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶14}** In his second assignment of error, Mr. Wickwire argues that the trial court's judgment was against the sufficiency of the evidence and the manifest weight of the evidence. In light of the discussion above, we decline to further address Mr. Wickwire's sufficiency argument. "'We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence.'" *State v. Smith,* 9th Dist. Summit No. 27389, 2015-Ohio-2842, ¶ 17, quoting *State v. Frashuer,* 9th Dist. Summit No. 24769, 2010-Ohio-634, ¶ 33; *see also Levine*, 1997 WL 193337, at *3.

**{¶15}** In determining whether a conviction is against the manifest weight of the evidence an appellate court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

**{¶16}** A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than it supports the other. *Thompkins*, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. *Id*. at 388, quoting *Tibbs v. Florida*,

457 U.S. 31, 42 (1982). An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19 (1988). Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *see also Otten*, 33 Ohio App.3d at 340.

{¶17} Here, Mr. Wickwire fails to: (1) make any specific argument as to why his conviction for theft should be reversed as being against the manifest weight of the evidence, (2) direct this Court to any conflicting testimony in the record, or (3) point to any evidence in the record weighing heavily against his conviction. *See Thompkins* at 387-388*, see also Martin* at 175. Pursuant to App.R. 16(A)(7), the brief of an appellant shall include "[a]n argument containing the contentions of the appellant * * * and the reasons in support of the contentions * * *." Where an appellant fails to develop an argument in support of his assignment of error, "we will not create one for him." *State v. Harmon,* 9th Dist. Summit No. 26426, 2013-Ohio-2319, ¶ 6, citing *Cardone v. Cardone,* 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.").

{¶18} Mr. Wickwire's second assignment of error is overruled.

III

{¶19} Mr. Wickwire's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES K. REED, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Assistant Prosecuting Attorney, for Appellee.