[Cite as *Kaba v. Cuyahoga Cty. Treasurer*, 2026-Ohio-355.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

CHEICK KABA,                                    :

    Plaintiff- Appellant,           :

                                        No. 115274

    v.                              :

CUYAHOGA COUNTY TREASURER
OF OHIO, ET AL.,                                :

    Defendants-Appellees.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 5, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-113009

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael H. O'Malley, Assistant Prosecuting Attorney, *for appellees.*

Cheick Kaba, *pro se.*

---

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Cheick Kaba ("Kaba") appeals the trial court's judgment entry granting defendants-appellees' Cuyahoga County Treasurer of Ohio ("Treasurer"), Cuyahoga County Sheriff's Department and Nyumbani Homes

L.L.C.'s ("Nyumbani") (collectively "appellees") Civ.R. 12(B)(6) motions to dismiss. For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶ 2} This case concerns property located at 3720 East 110th Street, Cleveland, Ohio 44105, Parcel No. 135-14-053 (the "Property"). On October 16, 2020, Treasurer filed a complaint for taxes due and owing on the Property and instituted foreclosure proceedings. *See Treasurer of Cuyahoga Cty., Ohio v. Gocan, et al.,* Cuyahoga C.P. No. CV-20-939196 ("foreclosure case"). The complaint named, as defendants, Evon Gocan, the unknown spouse of Evon Gocan, the United States of America, State of Ohio Department of Taxation, US Bancorp Leasing & Financial, nka Bancorp Equipment Finance, Inc., and Portfolio Recovery Associates L.L.C. On April 6, 2021, Treasurer filed proof of service by publication, which perfected service on all parties. On June 9, 2021, the magistrate issued a decision finding that "all necessary parties to this action have been duly served with summons, have entered their appearance herein or have been served by publication, according to law . . . ." The magistrate found in favor of Treasurer and ordered the Property to be foreclosed and sold. No objections were filed to the magistrate's decision.

{¶ 3} On July 6, 2021, the trial court adopted the magistrate's decision and granted Treasurer's complaint to foreclose on the Property.

{¶ 4} On September 16, 2024, Kaba acquired title to the Property via a quitclaim deed from Gabriel Pace-Duncan and recorded title to the property on the same day.

{¶ 5} On December 16, 2024, the Property was ordered to be sold at a sheriff's auction on January 15, 2025. On February 6, 2025, the trial court confirmed the sale of the Property and the sheriff sale purchaser, Nyumbani, took title to the Property.

{¶ 6} On February 13, 2025, in the aforementioned foreclosure case, Kaba filed a motion to vacate judgment of foreclosure and terminate sale.

{¶ 7} On March 3, 3025, Kaba filed a complaint in the instant case (CV-25-113009) in which he alleged claims for conversion, violation of the Federal Debt Collection Practices Act ("FDCPA") and fraud against appellees with respect to the Property.

{¶ 8} On March 12, 2025, in the foreclosure case, Kaba filed a motion to redeem the Property. The trial court in that case denied both the motion to vacate and the motion to redeem determining that Kaba was a lis pendens owner and that the confirmation of the sheriff sale extinguished his right to redeem. On March 18, 2025, Kaba filed a motion to consolidate the two cases which the court denied on March 20, 2025.

{¶ 9} On April 8, 2025, in the instant case, Treasurer and Cuyahoga County Sheriff's Department filed a Civ.R. 12(B)(6) motion to dismiss Kaba's complaint. On May 12, 2025 Nyumbani also filed a motion to dismiss Kaba's complaint, pursuant to Civ.R. 12(B)(6).

{¶ 10} On May 30, 2025, the trial court granted both motions to dismiss and dismissed Kaba's complaint with prejudice. In its decision, the trial court found that

Kaba failed to state claims upon which relief could be granted since Ohio law does not recognize claims for conversion of real property, that the FDCPA is inapplicable to this case and that Kaba failed to sufficiently plead a fraud claim under Civ.R. 9(B).

{¶ 11} On June 30, 2025, Kaba filed the instant appeal raising one assignment of error for our review:

> The trial court committed reversible error in dismissing with prejudice appellant's prima facie complaint without compilance [sic] with Ohio law plus Civ. R. 41(B) requirment [sic].

**Law and Analysis**

{¶ 12} Kaba is appealing pro se. "Under Ohio law, pro se litigants are held to the same standard as all other litigants." *Fleming v. Shelton*, 2020-Ohio-1387, ¶ 9 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). Pro se litigants are "not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedures." *State v. Fields*, 2009-Ohio-6921, ¶ 7 (12th Dist.).

{¶ 13} With this in mind, we turn to Kaba's assignment of error. Kaba appeals the trial court's judgment entry granting the appellees' motions to dismiss his complaint. Specifically, Kaba alleges the trial court erred by dismissing the complaint without complying with the notice requirements of Civ.R. 41(B)(1).

{¶ 14} Prior to fully addressing the merits of this assignment of error, we note that Kaba raises, under the assignment of error "ISSUES PRESENTED FOR REVIEW" that are difficult to decipher and do not appear to be related to the court's

granting of the Civ.R. 12(B)(6) motions. For example, Kaba states that the foreclosure sale of the Property was without notice in violation of R.C. 5721.03, that he was denied a fundamental right to notice of the outstanding taxes by Treasurer and that he was denied the right to redeem the Property in violation of R.C. 2329.33. While these arguments are not related to the trial court's judgment entry, concern unrelated law and should have been raised in the trial court, they also should have been given their own assignments of error on appeal. *See* App.R. 16(A); 12(A)(2).

{¶ 15} An appellate court "may disregard an assignment of error presented for review if the party raising it . . . fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *Chrzanowski v. Chrzanowski*, 2025-Ohio-2690, ¶ 12 (8th Dist.), citing App.R. 12(A)(2). If Kaba wanted to raise additional assignments of error for us to review he should have argued them separately in his brief. Pursuant to App.R. 12 and 16 we decline to address the merits of any argument other than the one identified in Kaba's assignment of error alleging the trial court erred by dismissing the complaint without complying with the requirements of Civ.R. 41(B).

{¶ 16} With respect to Kaba's assignment of error, while it is true that Civ.R. 41(B)(1) has specific requirements for dismissal including notice, his complaint was dismissed by the trial court pursuant to Civ.R. 12(B)(6) and the failure to state claims upon which relief can be granted *not* Civ.R. 41(B)(1) and the failure to prosecute. As such, the requirements for dismissal pursuant to Civ.R. 41(B)(1) are not applicable here and this argument is without merit.

{¶ 17} A review of Kaba's appellate brief reveals no arguments were made to support the allegation that the trial court erred by dismissing his complaint pursuant to Civ.R. 12(B)(6). Kaba does not specify how any of the reasons in the trial court's decision to dismiss his complaint were incorrect. He makes no arguments concerning the legal justifications the trial court gave for dismissing any of his three claims pursuant to Civ.R. 12(B)(6). "Further [a]n appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)." *CLE Venture Fund L.P. v. Coventry Partners LLC*, 2025-Ohio-2451, ¶ 25 (8th Dist.), quoting *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.).

{¶ 18} It is the appellant's burden to affirmatively demonstrate error on appeal and to substantiate the arguments in support thereof. *Fields*, 2009-Ohio-6921, at ¶ 7, citing *State v. Hairston*, 2006-Ohio-4925, ¶ 11 (9th Dist.). "An appellate court is not obliged to construct or develop arguments to support a defendant's assignment of error and will not guess at undeveloped claims on appeal." (Cleaned up) *State v. Nicholson*, 2022-Ohio-2037, ¶ 135 (8th Dist.); *State v. Collins*, 2008-Ohio-2363, ¶ 91 (8th Dist.) ("'[I]t is not the duty of this Court to develop an argument in support of an assignment of error if one exists.'") quoting *State v. Franklin*, 2006-Ohio-4569, ¶ 19 (9th Dist.). "Where an appellant fails to develop an argument in support of his assignment of error, '[the appellate court] will not create one for him.'" (Cleaned up) *State v. Wickwire*, 2016-Ohio-5217, ¶ 17 (9th Dist.).

{¶ 19} Wherefore, because Kaba fails to make, and support, any arguments as to why the trial court's dismissal pursuant to Civ.R. 12(B)(6) was incorrect, we disregard his assignment of error.

{¶ 20} Kaba's sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR